## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| BETSY L. O'BRIEN, ) | |
| ) | |
|     *Plaintiff* ) | |
| ) | |
| v. ) | *Docket No. 07-34-P-H* |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| *Commissioner of Social Security*, ) | |
| ) | |
|     *Defendant* ) | |

### *REPORT AND RECOMMENDED DECISION*[1]

This Social Security Disability ("SSD") appeal raises the question whether substantial evidence supports the commissioner's determination that the plaintiff, who alleges that she is disabled by low-back pain, depression, anxiety, vision problems, short-term memory loss and chronic headaches, was capable of performing work existing in significant numbers in the national economy on or before her date last insured of December 31, 2003. I recommend that the decision of the commissioner be vacated and the case remanded for further proceedings.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520, *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had acquired sufficient quarters of coverage to

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on October 5, 2007, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

remain insured for SSD purposes only through December 31, 2003, Finding 1, Record at 19; that, as of December 31, 2003, she retained the residual functional capacity ("RFC") to, *inter alia*, follow instructions sufficient to perform work with a specific vocational preparation ("SVP") code of 2 or less, make simple work-related decisions, interact with the public occasionally and tolerate occasional supervision, Finding 6, *id.*; that, using Rule 202.21 of Table 2, Appendix 2 to Subpart P, 20 C.F.R. § 404 (the "Grid") as a framework for decision-making, she was capable as of her date last insured of making a successful vocational adjustment to work existing in significant numbers in the national economy, Finding 12, *id.* at 20; and that she therefore was not disabled at any time on or before her date last insured, Finding 13, *id.*[2] The Appeals Council declined to review the decision, *id.* at 4-8, making it the final determination of the commissioner, 20 C.F.R. §404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the

---

[2] The administrative law judge stated that he found the plaintiff not disabled at any time on or before December 30, 2003, *see* Finding *(continued on next page)*

commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff identifies one narrow point of error: that the administrative law judge, a layperson, impermissibly determined her mental RFC from the raw medical evidence of record and then relied on a vocational expert's identification of jobs premised on that unsupported RFC, undermining the validity of his Step 5 finding. *See generally* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (Docket No. 6). I agree. Remand for further proceedings accordingly is warranted.

## I. Discussion

The administrative law judge found, and transmitted to a vocational expert at hearing, that the plaintiff retained the mental RFC ("MRFC") to follow instructions sufficient to perform work with an SVP code of 2 or less, make simple work-related decisions, interact with the public occasionally and tolerate occasional supervision. *See* Finding 6, Record at 19; *id*. at 352.[3] The vocational expert testified that a person with those limitations could perform three jobs: order caller, linen grader and ticket counter. *See id*. at 353-54. The administrative law judge, in turn, relied on that vocational-expert testimony to meet the commissioner's Step 5 burden of demonstrating there was work existing in significant numbers in the national economy that the plaintiff could perform. *See id*. at 18.

The plaintiff suggests that in this case, as in *Flagg v. Barnhart*, No. 04-45-B-W, 2004 WL

---

13, Record at 20; however, he assumedly meant December 31, 2003 (her date last insured).

[3] The DOT defines "specific vocational preparation" as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." Appendix C, § II to DOT (U.S. Dep't of Labor, 4th ed. rev. 1991). SVP levels range from 1 (short demonstration only) to 9 (over ten years). *See id*. A Level 2 SVP is "[a]nything beyond short demonstration up to and including 1 month[.]" *Id*. SVP Levels 1 and 2 correspond to unskilled work. *See* Social Security Ruling 00-4p, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2007) ("SSR 00-4p"), at 245 ("Using the skill level definitions in 20 CFR 404.1568 and 416.968, unskilled work corresponds to an SVP of 1-2; semi-skilled work corresponds to an SVP of 3-4; and skilled work corresponds to an SVP of 5-9 in the DOT.").

2677208 (D. Me. Nov. 24, 2004) (rec. dec., *aff'd* Dec. 14, 2004), and *Cough v. Barnhart*, 94 Soc. Sec. Rep. Serv. 283 (Me. 2004) (rec. dec., *aff'd* Mar. 29, 2004), the administrative law judge eschewed expert evidence concerning a claimant's RFC, impermissibly relying on his own layperson's determination. *See* Statement of Errors at 5-6. I agree.

Although an administrative law judge is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," he "is not qualified to assess residual functional capacity based on a bare medical record." *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990); *see also, e.g., Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts.") (citations omitted); *Flagg*, 2004 WL 2677208, at *5; *Cough*, 94 Soc. Sec. Rep. Serv. at 284-85.

There is only one expert MRFC assessment of record: that of the plaintiff's treating psychologist, Christopher Muncie, Psy.D. *See* Record at 252-61.[4] The administrative law judge summarized – but did not explain whether he rejected or embraced in whole or in part – the Muncie MRFC report. *See id.* at 15, 17. While the administrative law judge's MRFC bears some passing resemblance to that of Dr. Muncie, *compare* Finding 6, *id.* at 19 *with id.* at 254-55, the two appear to deviate in some significant respects. For example, Dr. Muncie found the plaintiff occasionally limited in the ability to (i) perform at a consistent pace without an unreasonable number and length of rest

---

[4] The administrative law judge expressly disclaimed reliance on the opinions of the two Disability Determination Services ("DDS") non-examining psychological consultants, stating: "Due to new and material evidence, including the testimony at hearing, the findings of the medical experts at the state Disability Determination Services are found to be no longer consistent with the record as a whole." Record at 17. One of those consultants had concluded that there was insufficient evidence to assess the plaintiff's mental condition on or before her date last insured, *see id.* at 179, while the other had determined that her mental impairment was non-severe on or before that date, *see id.* at 204. As a result, neither prepared a mental RFC assessment. *See id.*

periods, and (ii) respond appropriately to changes in a routine work setting. *See id*. at 254. An occasional limitation was defined to mean "diminished ability would likely be apparent as often as one or two times per hour and up to 10% of a typical work day[.]" *Id*. The administrative law judge did not expressly incorporate these limitations into his MRFC finding, *see* Finding 6, *id*. at 19, and, in response to questioning by the plaintiff's counsel, the vocational expert testified that either of those limitations would preclude performance of all three jobs previously identified, *see id*. at 357-58. In the absence of any explanation by the administrative law judge, it appears that he eschewed, at least in part, the only expert MRFC evidence of record and sized up the plaintiff's MRFC on his own – something a layperson typically is not qualified to do.[5]

At oral argument, counsel for the commissioner took the position that the administrative law judge had in fact eschewed the Muncie opinion but argued that he could not do otherwise, given that Dr. Muncie purported to address only the plaintiff's then-current status, not her status as of her date last insured. She acknowledged that, in that case, the administrative law judge necessarily had crafted his MRFC assessment based on the raw medical evidence. However, citing *Gordils* and *Manso-Pizarro*, she contended that he permissibly could do so given the apparent slightness of the plaintiff's functional limitations. *See Manso-Pizarro*, 76 F.3d at 17-18 (First Circuit would uphold physical RFC finding in absence of expert RFC opinion "[i]f th[e] evidence suggest[ed] a relatively mild

---

[5] In addition to checking boxes, Dr. Muncie provided a narrative explaining his MRFC findings. *See* Record at 260. When official Social Security Administration MRFC forms are used, the narrative – rather than the checkboxes – constitutes the expert's MRFC assessment. *See, e.g.*, Social Security Administration Program Operation Manual System ("POMS") § DI 24510.060(B)(2)(a) & (4)(a), *available at* https://s044a90.ssa.gov/apps10/ ("Section I is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment. . . . Section III – Functional Capacity Assessment, is for recording the mental RFC determination. It is in this section that the actual mental RFC assessment is recorded, explaining the conclusions indicated in section I, in terms of the extent to which these mental capacities or functions could or could not be performed in work settings.") (boldface omitted). The form Dr. Muncie completed indicated that the checkboxes constituted the MRFC assessment. *See* Record at 254-55. The plaintiff's counsel sensibly posited at oral argument, and I accept, that in this case the checkboxes and narrative should be read together to constitute Dr. Muncie's MRFC assessment.

physical impairment posing, to the layperson's eye, no significant exertional restrictions"); *Gordils*, 921 F.2d at 329 ("It is true . . . that we have held – and we reiterate – that since bare medical findings are unintelligible to a lay person in terms of residual functional capacity, the ALJ is not qualified to assess residual functional capacity based on a bare medical record. This principle does not mean, however, that the Secretary is precluded from rendering common-sense judgments about functional capacity based on medical findings, as long as the Secretary does not overstep the bounds of a lay person's competence and render a medical judgment. Obviously, speaking hypothetically, if the only medical findings in the record suggested that a claimant exhibited little in the way of physical impairments, but nowhere in the record did any physician state in functional terms that the claimant had the exertional capacity to meet the requirements of sedentary work, the ALJ would be permitted to reach that functional conclusion himself.") (citations omitted).

I am unpersuaded. The plaintiff suffered what she termed a "nervous breakdown" in 2000 and was prescribed various medications to control her anxiety and depression thereafter. *See, e.g.*, Record at 106, 123-42, 326-29. The administrative law judge himself deemed her to have suffered, as of her date last insured, from moderate difficulties in maintaining social functioning and moderate limitations in maintaining concentration, persistence or pace. *See id*. at 16. It cannot be said to have been a "common-sense judgment" that a person with her impairments would have had the precise mental functional capacities found by the administrative law judge.

For the foregoing reasons, the administrative law judge's MRFC assessment cannot be discerned to be supported by substantial evidence of record. His reliance on testimony of a vocational expert predicated on that flawed MRFC finding therefore was misplaced. *See Arocho v. Secretary of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir. 1982) (opinion of vocational expert relevant only to extent offered in response to hypotheticals that correspond to medical evidence of record);

*Cough*, 94 Soc. Sec. Rep. Serv. at 285.

## II.  Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for proceedings not inconsistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 12th day of October, 2007.

> /s/ David M. Cohen
> David M. Cohen
> United States Magistrate Judge