UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BETSY L. O'BRIEN, | ) | |
| | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Civil No. 07-34-P-H |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
|     *Defendant* | ) | |

*RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES*

The plaintiff applies for an award of attorney fees pursuant to 42 U.S.C. § 406(b) after securing an award of past-due benefits before the commissioner following this court's remand of this Social Security Disability ("SSD" or "Title II") case. *See* Plaintiff's Motion for Award of § 406(b) Fees ("Motion") (Docket No. 18). I recommend that the Motion be granted, albeit in a lesser amount than requested and with the proviso that the plaintiff's counsel remit to his client a sum equal to the court's prior award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

**I. Factual and Procedural Background**

On January 23, 2007, the plaintiff executed a contingent fee agreement with the law firm of Jackson & MacNichol in connection with her appeal to this court of the commissioner's adverse decision. *See* Contingent Fee Agreement for Representation Before the Court With the Law Firm of Jackson & MacNichol ("Fee Agreement") (Docket No. 18-3). The Fee Agreement provided, in relevant part: "Client agrees to pay a fee equal to twenty five percent (25%) of the

total amount of any past-due benefits awarded to Client, to include any dependents benefits, subject to the approval of said fee by the court." *Id.* ¶ 3(A).

On November 9, 2007, following the plaintiff's filing of a statement of errors and oral argument on the merits, the court entered a judgment in her favor, vacating the adverse decision of the commissioner and remanding the case for further proceedings. *See* Judgment (Docket No. 13). On December 19, 2007, the court granted a consent motion for approval of a settlement agreement pursuant to which the plaintiff was awarded attorney fees in the amount of $3,300 under the EAJA. *See* Docket Nos. 15, 15-1, 16.

The plaintiff prevailed on remand and was awarded $76,998 in past-due benefits. *See* Motion at 1; Notice of Award (Docket No. 18-2) at 3. The commissioner approved an award of $5,300 to the plaintiff's counsel pursuant to 42 U.S.C. § 406(a) for his work on her behalf at the administrative level. *See* Motion at 4; Defendant's Response to Plaintiff's Motion for Award of Section 406(b) Attorney Fees ("Response") (Docket No. 20) at 2. The plaintiff now seeks an award pursuant to section 406(b) of $13,800, which, combined with the previously awarded sum of $5,300, equals slightly less than 25 percent of the past-due benefits award of $76,998. *See* Motion at 1.

The plaintiff's counsel's statement of work performed in this court indicates that Jackson & MacNichol expended 21 hours of attorney time, billed at $165 per hour, to obtain the remand order that eventually led to the plaintiff prevailing in further proceedings before the commissioner. *See* Invoice (Docket No. 18-4). The total claimed fee for attorney time thus totaled $3,465. *See id*. However, the plaintiff's counsel states in an affidavit that his "usual and customary rate" is $395 per hour, that when he has applied for fees on an hourly basis in recent cases he has routinely been approved for fees at that hourly rate or more, and that the rate of

2

$395 per hour is not unusual for a skilled Social Security practitioner of his age, with more than 30 years' legal experience. *See* Affidavit in Support of Motion for 406(b) Fees ("Affidavit") (Docket No. 18-1) ¶ 3. He adds that the rate that he charges in this court for his work in EAJA cases, ranging up to $175 per hour, is not reflective of normal market rates for him and does not represent his usual or customary rates, but rather reflects the cap placed on EAJA fees by Congress. *See id.* ¶ 4.

The plaintiff also submits a written statement in support of the grant of the requested fee award. *See* Docket No. 18-5. She states that she has been "very pleased" with her counsel's work and that he took her case when it had been denied by the administrative law judge and the Appeals Council and her then-lawyer would not take the case to court. *See id.* She concludes that she "want[s] him to be paid the full twenty five percent of my back benefits that we agreed on." *Id.*

## II. Discussion

Section 406 provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e.*, Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

The court has authority to award court-related fees pursuant to section 406(b), even though the benefits award itself was made by the commissioner on remand. *See, e.g., Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (overruling "single tribunal rule" of *Webb v. Richardson*, 472 F.2d 529 (6th Cir. 1972), pursuant to which only the tribunal that ultimately upheld a claim for benefits could approve and certify payment of section

406 attorney fees; joining majority of circuits – including First Circuit – in ruling, *inter alia*, that "in cases where the court remands the case back to the [commissioner] for further proceedings, the court will set the fee – limited to 25 percent of past-due benefits – for the work performed before it, and the [commissioner] will award whatever fee the [commissioner] deems reasonable for the work performed on remand and prior administrative proceedings.").

The making of an application for an award of attorney fees pursuant to the EAJA does not preclude an award of attorney fees pursuant to section 406(b).  However, a claimant's attorney must refund the smaller of the EAJA fee or the section 406(b) fee to the claimant.  *See, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation and internal punctuation omitted).

The commissioner has interposed no objection to the plaintiff's request for attorney fees pursuant to section 406(b) provided that the plaintiff's counsel remits to his client the $3,300 in EAJA fees previously awarded by the court.  *See* Response at 2-3.  However, because the money at stake in a section 406(b) request comes not out of the commissioner's pocket but rather that of the claimant, the court has an independent duty to satisfy itself that a section 406(b) contingency fee is "reasonable[.]"  *See, e.g., Gisbrecht*, 535 U.S. at 807 ("Most plausibly read, . . . § 406(b) does not displace contingent fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.  Congress has provided one boundary line:  Agreements are

unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.") (citations and footnotes omitted).

As one might expect, the outer boundaries of a test of "reasonableness" are difficult to set. However, this much is clear: Reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are disproportionate in relation to the amount of time counsel spent on the case (thereby resulting in a windfall). *See id.* at 808; *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (*cited with favor in Gisbrecht*, 535 U.S. at 808).

There is no question in this case of substandard performance or improper conduct on the plaintiff's counsel's part. To the contrary, the plaintiff's counsel secured a significant victory for his client, and she is understandably very pleased with his performance. Hence, I concern myself solely with whether the requested fee confers a windfall.

The plaintiff calculates that the grant of her section 406(b) fee request would afford her counsel an hourly rate of $690 for work performed in this court, but that the *effective* hourly rate would be only $500 when adjusted for the refund of the EAJA fee award. *See* Motion at 6 & n.4. As counsel for the commissioner suggests, neither figure is correct. *See* Response at 3-4. Even after refunding the EAJA fee award, the plaintiff's counsel would receive $13,800 for work

5

performed in this court; absent the refund, he would have received $17,100 for that work. A fee of $13,800 for 21 hours worth of attorney time yields an hourly rate of $657.14.[1]

In addition, as the commissioner points out, the plaintiff's counsel's invoice is excessive in a couple of small respects that militate in favor of a reduction, for purposes of the instant calculations, of 45 minutes in claimed attorney time. *See* Response at 4-5. The plaintiff's counsel billed one hour on March 7, 2007, to draft and file the complaint, summons, letter, and motion for leave to file a motion to proceed *in forma pauperis*; however, a boilerplate complaint was filed, and no *in forma pauperis* motion was submitted. *See id.*; Invoice. This warrants a 30-minute reduction in claimed time. In addition, the plaintiff's counsel billed 30 minutes to review the commissioner's boilerplate answer. *See id*. This warrants a 15-minute reduction in claimed time.[2] Using the adjusted figure of 20.25 hours of attorney time, a fee of $13,800 yields an hourly rate of $681.48.

This court has followed the precept, for purposes of a section 406(b) analysis, that "as a rule of thumb, a multiplier of two times a practitioner's usual and customary hourly rate provides adequate recompense for the taking of contingent fee risk without raising windfall concerns." *Ogle v. Barnhart*, No. 99-314-P-H, 2003 WL 22956419, at *6 (D. Me. Dec. 12, 2003) (rec. dec., aff'd Jan. 21, 2004). What this means, as a practical matter, is that requested fees falling within this multiplier are deemed reasonable, while requested fees exceeding it require analysis for windfall concerns and may or may not be judged reasonable depending on the circumstances of

---

[1] On at least two other occasions, the plaintiff's counsel has erroneously calculated his client's 406(b) request as conferring an hourly rate of $690. *See Doucette v. Astrue*, Civil No. 07-178-P-S, 2009 WL 2824749, at *3 n.2 (D. Me. Aug. 27, 2009) (rec. dec., aff'd Sept. 16, 2009); *Quint v. Astrue*, Civil No. 05-135-B-W, 2008 WL 4905482, at *3 (D. Me. Nov. 12, 2008) (rec. dec., aff'd Dec. 4, 2008).

[2] The commissioner also suggested reducing, to no more than six minutes each, entries for 15 minutes each that counsel billed for receiving and reviewing the court's order and then its judgment. *See* Response at 5; Invoice. These billings strike me as within the pale of the reasonable. Accordingly, I decline to reduce them for purposes of the instant analysis.

the individual case. This court has, for instance, approved a section 406(b) fee conferring an effective hourly fee of $498.56, nearly three times a practitioner's invoiced rate, for work performed in this court when the case involved a novel winning legal argument and counsel secured an excellent result. *See Quint*, 2008 WL 4905482, at *3.[3]

In this case, there is a new twist: Although, in this district, Social Security claimants previously have submitted invoices reflecting their attorneys' EAJA billing rates in support of applications for section 406(b) fees, the plaintiff offers evidence, in the form of her attorney's affidavit, that his "usual and customary" hourly rate is actually significantly higher than the invoiced rate, namely $395. *See* Affidavit ¶¶ 3-4.[4] While the door remains open to claimants seeking to prove that their attorneys' usual and customary rates exceed their EAJA billing rates, the plaintiff in this case fails to carry her burden of so proving.

The plaintiff relies on an affidavit of her counsel, a specialist in disability cases, stating that when he has "applied for fees on an hourly basis in recent cases [he has] routinely been approved for fees at rates of $395.00 or more per hour based upon [his] age and over 30 years of experience." *Id*. ¶ 3. He adds: "That rate is my *usual and customary rate* and is not unusual for a skilled social security practitioner of my age and with over 30 years of legal experience." *Id*. (emphasis in original).

---

[3] This court also recently approved a requested section 406(b) attorney fee of $17,505.85 for nine hours worth of work in this court, an effective hourly rate of $1,943.09. *See Bisson v. Astrue*, Civil No. 08-182-P-S, 2009 WL 3633231, at *2 (D. Me. Oct. 30, 2009) (rec. dec., *aff'd* Nov. 23, 2009). However, the circumstances of counsel's engagement and the result he obtained in that case were deemed "unique" given that counsel took the case at a time that it was deemed hopeless by prior counsel and achieved an excellent result, garnering not only approximately $80,000 in past-due benefits but also an expected additional $220,000 in ongoing benefits for the remainder of the claimant's life. *See id*.

[4] In one previous section 406(b) case, a claimant represented by this same attorney stated, in a footnote to her motion, that his usual and customary rate was $395. *See* Motion for Award of § 406(b) Fees (Docket No. 17), *Doucette*, at 5 n.4. However, the claimant submitted no evidence to buttress that point, *see* exhibits thereto, and the court in any event had no need to reach it given that the effective hourly fee sought, when correctly calculated, was approximately twice the invoiced hourly EAJA rate, *see Doucette*, 2009 WL 2824749, at *3.

7

In so averring, the plaintiff's counsel misapprehends the meaning, for purposes of the testing of the reasonableness of a section 406(b) fee request, of the phrase "usual and customary rate." It is not the rate that a court is willing to approve, but rather the rate that a private client willingly would pay for comparable legal services in this community. *See, e.g., Rataj v. Commissioner of Soc. Sec.*, No. 07-10565, 2009 WL 5171851, at *1 (E.D. Mich. Dec. 21, 2009) ("[A] contingency-based fee award is presumptively reasonable if the hypothetical hourly rate determined by dividing the number of hours worked for the claimant into the amount of the fee permitted under the contract is less than twice the standard rate for such work in the relevant market.") (citation and internal quotation marks omitted); *Acuna v. Astrue*, No. CV 04-08877(RZ), 2008 WL 3853537, at *2 (C.D. Cal. Aug. 19, 2008) ("*Gisbrecht* also instructs courts to look at the lawyer's rates as an effective check on the reasonableness of the fee which the [contingency fee] contract would yield. . . . [T]he only purpose of looking at the rates must be to compare the requested fees, in some sense at least, to a market rate.")

Because the plaintiff has not demonstrated the rate that a private client would pay for comparable legal services in the market and thus falls short of carrying her burden of proving that her attorney's usual and customary hourly rate is $395, I rely for purposes of calculating the reasonableness of the instant fee request on the invoiced EAJA rate of $165 hourly. As noted above, the requested award, divided by the number of hours reasonably billed, yields an hourly rate of $681.48, which is 4.13 times the invoiced hourly rate of $165.

The requested fee is unreasonably high. With the exception of the unique *Bisson* case, expressly limited to its facts, this court has never awarded a section 406(b) fee conferring a multiplier of more than three times the invoiced rate. Indeed, it has been comfortable awarding a fee that high only in cases in which the claimant has justified such an award, for example, on the

basis of excellent results achieved by way of a novel legal argument. *See, e.g., Quint*, 2008 WL 4905482, at *3. In this case, based on her written statement of her high satisfaction with her attorney's work, her professed desire that he be awarded the full contingency fee to which she agreed, and the objectively excellent result received, I conclude that the plaintiff has justified an award in the sum of three times the invoiced rate, or $495 hourly, but not more. This amount totals $10,023.75 ($495 times 20.25).

### III. Conclusion

For the foregoing reasons, I recommend that the Motion be **GRANTED**, albeit in a lesser amount than requested, resulting in an attorney fee award pursuant to 42 U.S.C. § 406(b) of $10,023.75, provided that the plaintiff's counsel be directed to remit to his client the sum of $3,300 previously awarded in EAJA fees.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 15th day of February, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge